THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Willie Charles Oliver, Jr., § | | |
| On Behalf of Himself and All Others § | | |
| Similarly Situated § | | JURY TRIAL DEMANDED |
| § | | |
| *Plaintiff* § | | |
| § | | CIVIL ACTION NO. |
| vs. § | | |
| § | | |
| MUY Pizza Houston, LLC, § | | |
| § | | |
| *Defendant.* § | | |

## ORIGINAL COMPLAINT

Plaintiff Willie Charles Oliver, Jr. ("Oliver"), on behalf of himself and all others similarly situated, files this Complaint against MUY Pizza Houston, LLC ("Muy Pizza") and would show as follows:

### THE PARTIES

1. Plaintiff Oliver is an individual residing in Harris County, Texas.

2. Defendant Muy Pizza is a domestic professional limited liability company registered with the State of Texas. Muy Pizza conducts significant business in this District and it may be served with citation by serving its registered agent, C. Dawson Bremer at 17890 Blanco Road, Suite 444, San Antonio, TX 78232.

### JURISDICTION AND VENUE

3. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction. For several years, Defendant has done and continues to do business in the State of Texas, as well as within this District.

4. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the Fair Labor Standards Act.

5. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendant in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## COVERAGE

6. At all material times Muy Pizza was an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d). For example, Defendant:

   a. set the hours that employees were to work;

   b. paid employees;

   c. set rates of pay;

   d. made hiring and firing decisions; and

   e. directed the day-to-day operations of the business.

7. At all material times, Muy Pizza was an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

8. At all material times, Muy Pizza was an enterprise or enterprise in commerce or in the handling of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

9. Furthermore, Defendant had an annual gross business volume of not less than $500,000.

## PUTATIVE CLASS

10. The "Members of the Class" are all current and former employees of Muy Pizza who: (1) worked as maintenance technicians or the like; and (2) were employed during the three-year period prior to the date of this lawsuit. All of the "Members of the Class" are similarly situated to Plaintiff and to one another, within the meaning of section 216(b) of the FLSA.

11. Plaintiff has contemporaneously filed a consent form with the Court.

## FACTUAL BACKGROUND

12. Defendant is a business that operates within the restaurant/fast food industry.

13. Plaintiff worked for Defendant as a maintenance technician.

14. When he was hired, Plaintiff was told he would be scheduled to work 100 each biweekly pay period.

15. Based on conversations, emails, and his offer letter, Plaintiff's understanding was that he would work 100 hours each biweekly pay period.

16. Plaintiff was scheduled for 50 hours a week.

17. Plaintiff was told to work 50 hours a week.

18. Plaintiff was scheduled to work 8:00 a.m. to 6:00 p.m. Monday through Friday.

19. Plaintiff was told to work 100 hours each biweekly pay period.

20. Plaintiff was told to work no more than 100 hours in a biweekly pay period

21. Plaintiff expected to work 50 hours a week.

22. Plaintiff understood that he would be paid time and a half for hours over 50.

23. Defendant told him that in the off chance he worked more than 50 hours a week that he was to reduce the next week's hours by that amount so as to work 100 hours each biweekly pay period.

24. Plaintiff's check stubs state he is paid an hourly rate.

25. The pay rate on Plaintiff's check stubs is indicated as hourly, not salary

26. When he worked less than 40 hours a week, he received less than the alleged fixed salary.

27. Plaintiff raised questions about his compensation to management.

28. Plaintiff compared his checks paychecks with others and was confused.

29. Plaintiff and his counterparts complained about the irregularities in their overtime pay.

30. Plaintiff was never told he was on a fluctuating workweek.

31. Plaintiff never received training or instructions on what a fluctuating work week was.

32. Plaintiff was never told he would receive a fixed salary was for all hours he worked.

33. Plaintiff was told that his salary did not cover hours over 50 a week.

34. Plaintiff's check stubs do not reflect his earnings as a salary.

35. Plaintiff was told when he was hired and during his employment that his compensation was for 50 hours a week and no more.

36. Plaintiff believed he would be docked pay if he worked less than 50 hours in a given week and it was docked when he worked less than 40 hours.

37. Defendant paid Plaintiff an hourly rate.

38. It appears Defendant attempted to pay Plaintiff according to a "fluctuating work week."

39. The fluctuating workweek was never explained to Plaintiff and Plaintiff never consented such a pay structure.

40. Plaintiff worked a significant number of overtime hours as did Members of the Class, yet he was not compensated for it.

41. Defendant is in possession of records that will reflect overtime hours worked by Plaintiff and Members of the Class.

42. Plaintiff was not properly compensated for overtime from the start of his employment with Defendant, which began in approximately in September 2016, until approximately August 29, 2018. During this time period, Plaintiff worked significant overtime hours yet was not paid all legally mandated overtime.

43. Defendant required and permitted Plaintiff and Members of the Class to work more than forty hours per week without minimum wages and/or overtime compensation for all hours worked.

44. Defendant knew Plaintiff and Members of the Class worked more than forty hours in a week because Defendant scheduled them to work 100 hours in every biweekly period.

45. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

46. Defendant is not entitled to rely on any exemption potentially applicable to Plaintiff or Members of the Class because Defendant did not pay Plaintiff or Members of the Class on a salary basis.

47. Plaintiff and Members of the Class did not regularly supervise the work of two or more employees.

48. Plaintiff and Members of the Class did not exercise discretion and independent judgment as to matters of significance.

49. Plaintiff and Members of the Class did not perform office work related to Defendant's general business operations or its customers.

50. Plaintiff and Members of the Class had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

51. Defendant did not require Plaintiff and Members of the Class to have a college degree to obtain a job.

52. Defendant is aware of wage and hour laws as it appears Defendant attempted to calculate Plaintiff's pay based on a fluctuating workweek.

53. The regulations cited above have been in existence for many years, and Defendants' fundamental failure to follow the FLSA demonstrates bad faith and willfulness.

## FLSA CLAIM FOR OVERTIME PAY

54. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

55. All conditions precedent, if any, to this suit, have been fulfilled.

56. At all material times, Plaintiff was an employee under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

57. At all material times, Members of the Class were and are similarly situated to Plaintiff and were employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

58. At all material times, Defendant is an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

59. At all material times, Plaintiff and Members of the Class worked in excess of 40 hours per seven-day workweek and Defendant had knowledge thereof.

60. At all material times, Plaintiff and Members of the Class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

61. At all material times, Defendant failed to pay Plaintiff and Members of the Class overtime compensation for hours worked over 40 in a seven-day workweek.

62. Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). As indicated above, Defendant knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law.

63. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. If the court concludes that the employer acted in good faith and had reasonable grounds for

believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

64. It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226. But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

65. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of

doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

66. Defendant cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

67. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

68. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

69. Accordingly, Plaintiff seeks to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "all current and former employees of Muy Pizza, LLC who: (1) worked as maintenance technicians or the like; (2) were employed during the three-year period prior to the date of this lawsuit; and (3) were not paid minimum wage or overtime for hours worked over forty."

## ATTORNEYS' FEES

70. Each and every allegation contained above is realleged as if fully written herein.

71. Plaintiff and Members of the Class are entitled to recover attorneys' fees and costs for bringing this action pursuant to the FLSA.

## JURY DEMAND

72. Plaintiff, on behalf of himself and all other similarly situated individuals, makes a formal demand for a jury trial in this matter.

## DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a judgment against Defendant for the following:

    a. Actual damages in the amount of unpaid minimum and/or overtime wages under the FLSA;

    b. A finding that Defendant's conduct was willful;

    c. An equal amount to the minimum and/or overtime wages as liquidated damages;

    d.    Pre-judgment and post-judgment interest;

    e.    Court costs;

    f.    Reasonable attorneys' fees; and

    g.    All other relief to which Plaintiff and those similarly situated to Plaintiff is entitled under the FLSA.

Respectfully submitted by

By:/s/ *Sara Richey*
Sara Richey
Federal Bar No. 1147425
Texas Bar No. 24068763
The Richey Law Firm
3801 Kirby Dr., Suite 344
Houston, TX 77098
Phone: 713-636-9931
Fax: 713-333-5299
sara@thericheylawfirm.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF


Clayton D. Craighead
Federal Bar No. 958992
Texas Bar No. 24065092
The Craighead Law Firm
440 Louisiana, Suite 900
Houston, TX 77002
Phone: 832-798-1184
Fax: 832-553-7261
clayton.craighead@thetxlawfirm.com
ATTORNEY FOR PLAINTIFF